```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :   SUPERSEDING INFORMATION
                                 :
           - v. -                :   S2 19 Cr. 548 (KMK)
                                 :
GABRIEL LETIZIA, Jr.,            :
                                 :
           Defendant.            :
                                 :
- - - - - - - - - - - - - - - - x
```

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

The United States Attorney charges:

1. At all times relevant to this Information, GABRIEL LETIZIA, Jr., the defendant, was the owner and Executive Director of a consumer products testing laboratory (the "Laboratory") in Rockland County, New York. The Laboratory was in the business of testing the efficacy and safety of cosmetics, sunscreens and other products on specified numbers of volunteer panelists in exchange for fees paid by consumer products companies (the "Laboratory's Customers").

2. From at least in or about 1987 through in or about April 2017, at the direction of GABRIEL LETIZIA, Jr., the defendant, Laboratory employees tested products on materially lower numbers of panelists than the numbers specified by the Laboratory's Customers. LETIZIA, and Laboratory employees acting under his direction, then falsely represented to the Laboratory's Customers

that the Laboratory had tested the products on the number of panelists specified by the Laboratory's Customers. LETIZIA, and Laboratory employees acting under his direction, also made materially false and misleading statements about the results of the tests to the Laboratory's Customers.

3. From at least in or about 1987 through in or about April 2017, in the Southern District of New York and elsewhere, GABRIEL LETIZIA, Jr., the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

4. It was a part and an object of the conspiracy that GABRIEL LETIZIA, Jr., the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, LETIZIA and Laboratory employees sent the Laboratory's reports containing the false information described in paragraph 2 of this Information to the Laboratory's Customers via interstate email and facsimile

communications, in violation of Title 18, United States Code, Section 1343.

    5.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

        a.    On or about December 4, 2013, GABRIEL LETIZIA, Jr., the defendant, caused a Laboratory employee to deliver to Company-1 a report entitled "Evaluation of Sun Protection by SPF Determination (FDA) – Static" that falsely purported to reflect the results of the Laboratory's testing of Sunscreen-1 on a panel of 10 subjects, and the corresponding SPF level of Sunscreen-1.

        b.    On or about January 27, 2015, GABRIEL LETIZIA, Jr., the defendant, caused a Laboratory employee to deliver to Company-2 a report entitled "Evaluation of Sun Protection by SPF Determination (FDA) – 80 Minute Water Resistant" that falsely purported to reflect the results of the Laboratory's testing of Sunscreen-2 on a panel of 10 subjects, and the corresponding SPF level of Sunscreen-2.

        (Title 18, United States Code, Section 371.)

## COUNT TWO
### (Misbranding)

The United States Attorney further charges:

6. The allegations contained in paragraphs 1 and 2 of this Information are repeated and realleged as if fully set forth herein.

7. In or about November 2013, the Laboratory entered into a contract with a manufacturer of sunscreen products ("Company-1") to evaluate the sun protection effectiveness of a Company-1 sunscreen product ("Sunscreen-1") on a panel of 10 subjects. As GABRIEL LETIZIA, Jr., the defendant, knew, Company-1 required testing on 10 subjects in order to ensure the reliability of the Laboratory's test results for purposes of accurately and lawfully labeling the Sun Protection Factor ("SPF") level of Sunscreen-1.

8. On or about December 4, 2013, GABRIEL LETIZIA, Jr., the defendant, caused a Laboratory employee to deliver to Company-1 a report entitled "Evaluation of Sun Protection by SPF Determination (FDA) – Static" that purported to reflect the results of the Laboratory's testing of Sunscreen-1 on a panel of 10 subjects, and the corresponding SPF level of Sunscreen-1.  This report's conclusion stated that Sunscreen-1, "when tested on ten subjects as described herein under static conditions yielded the mean SPF value of 55.25 and the label SPF of 53." In fact, as LETIZIA knew, this conclusion was false, in that the Laboratory conducted its

4

SPF testing on panels with fewer than ten subjects, and that the report included false data for subjects who did not actually participate in the testing of Sunscreen-1.

9. From in or about January 2014 through at least in or about April 2017, Company-1 manufactured and sold Sunscreen-1 to customers throughout the United States. At all times relevant to this Superseding Information, Sunscreen-1's label stated that it provided a sun protective effectiveness level of "SPF 50."

10. From in or about January 2014 through at least in or about April 2017, in the Southern District of New York and elsewhere, GABRIEL LETIZIA, Jr., the defendant, did cause to be introduced and delivered for introduction, into interstate commerce, Sunscreen-1, a drug within the meaning of Title 21, United States Code, Section 321(g)(1), that was misbranded within the meaning of Title 21, United States Code, Sections 352(a)(1) and 321(n), in that Sunscreen-1's label failed to reveal facts material to its "SPF 50" representation.

(Title 21, United States Code, Sections 331(a) and 333(a)(1),
and Title 18, United States Code, Section 2.)

## COUNT THREE
## (Misbranding)

The United States Attorney further charges:

11.  The allegations contained in paragraph 1 and 2 of this Superseding Information are repeated and realleged as if fully set forth herein.

12.  In or about January 2015, the Laboratory entered into a contract with a manufacturer of sunscreen products ("Company-2") to evaluate the sun protection effectiveness of a Company-2 sunscreen product ("Sunscreen-2") on a panel of 10 subjects. As GABRIEL LETIZIA, Jr., the defendant, knew, Company-2 required testing on 10 subjects in order to ensure the reliability of the Laboratory's test results for purposes of accurately and lawfully labeling the Sun Protection Factor ("SPF") level of Sunscreen-2.

13.  On or about January 27, 2015, GABRIEL LETIZIA, Jr., the defendant, caused a Laboratory employee to deliver to Company-2 a report entitled "Evaluation of Sun Protection by SPF Determination (FDA) – 80 Minute Water Resistant" that purported to reflect the results of the Laboratory's testing of Sunscreen-2 on a panel of 10 subjects, and the corresponding SPF of Sunscreen-2. This report's conclusion stated that Sunscreen-2, "when tested on ten subjects as described herein under static and 80 minute water resistant conditions yielded the mean SPF values of 56.00 and 54.50 and the label SPF's of 54 and 52 respectively." In fact, as

6

LETIZIA knew, this conclusion was false, in that the Laboratory conducted its SPF testing on panels with fewer than ten subjects, and that the report included false data for subjects who did not actually participate in the testing of Sunscreen-2.

14. From in or about December 2015 through at least in or about April 2017, Company-2 manufactured and sold Sunscreen-2 to customers throughout the United States. At all times relevant to this Superseding Information, Sunscreen-2's label stated that it provided a sun protective effectiveness level of "SPF 50."

15. From in or about December 2015 through at least in or about April 2017, in the Southern District of New York and elsewhere, GABRIEL LETIZIA, Jr., the defendant, did cause to be introduced and delivered for introduction, into interstate commerce, Sunscreen-2, a drug within the meaning of Title 21, United States Code, Section 321(g)(1), that was misbranded within the meaning of Title 21, United States Code, Sections 352(a)(1) and 321(n), in that Sunscreen-2's label failed to reveal facts material to its "SPF 50" representation.

(Title 21, United States Code, Section 331(a)(1), and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

16. As a result of committing the offenses alleged in Counts One through Three of this Superseding Information, GABRIEL LETIZIA, Jr., the defendant, shall forfeit to the United States,

7

pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### **SUBSTITUTE ASSET PROVISION**

17.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section

2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_____
AUDREY STRAUSS
Acting United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**v.**

**GABRIEL LETIZIA, Jr.,**

**Defendant.**

**SUPERSEDING INFORMATION**

S2 19 Cr. 548(KMK)

(18 U.S.C. §§ 2 and 371 and 21 U.S.C. § 331(a).)

AUDREY STRAUSS
Acting United States Attorney