# EXHIBIT 3

## CONTRACT OF SALE OF ASSETS

AGREEMENT made this 18th day of November 2020, between AMA Research Laboratories, Inc. and AMA Laboratories Inc. ("Seller") both located at 216 Congers Road, Building 1, New City, New York 10956, and ███████████████████████████ ("Purchaser").

**WITNESSETH:**

**WHEREAS**, Seller is the owner of certain assets (the "Assets") used in the operation of its business, (hereinafter referred to as the "Business"):

**WHEREAS**, Seller desires to sell and Purchaser desires to purchase the Assets, including tangible and intangible property and goodwill of the Business:

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending legally to be bound, hereby agree as follows:

1.     **Purchase and Sale of Assets.**  Subject to and upon the terms and conditions set forth in this Agreement, Seller agrees to sell, transfer, convey, assign and deliver to Purchaser and Purchaser agrees to purchase, at the Closing (as hereinafter defined), the Assets as described on Schedule "A: annexed hereto.

2.     **Purchase Price.** The purchase price is $840,000.00 payable as follows:

a.     The sum of $50,000.00 previously paid to Seller in the form of a loan (the "Loan"), is converted to a down payment at signing of this agreement.

b.     The sum of $ 790,000.00, which represents the balance of the purchase price, to be paid over the course of thirty (30) years with interest at two-and-one-half percent (2.5%) per annum. The payment of principal and interest to be paid quarterly until the balance due has been paid in full. The purchase price shall be allocated against the Assets as follows: Furniture and fixtures (7%) percent; computers and equipment  (15 %) percent;  good will (45%) percent, technology (33%) percent.

3.     **Lease.**  The Seller currently operates its business at its current location pursuant to a monthly lease (the "Lease")  and shall cooperate and assist  Purchaser in obtaining a lease with the same terms and conditions.

In the event the Seller does not obtain Landlord's consent prior to the Closing, the Seller shall assist Purchaser with locating suitable space.

4.     **Bill of Sale.**  The Seller shall deliver to the Purchaser, at the Closing, a bill of sale conveying the Assets sold herein, free and clear of any liens, mortgages, debts, taxes or encumbrances, except as otherwise provided for herein.

5. **Due Diligence.** Purchaser has had an opportunity to examine and inspect the Assets and agrees to take the Assets in an "as is" condition, subject to reasonable wear and tear between the time of the execution of this agreement and the Closing, if same does not take place simultaneously. Seller makes no representations or warranties regarding the Assets except as set forth herein.

6. **Closing.** The Closing of this transaction shall take place virtually by the exchange of the necessary documentation simultaneously with the execution of this agreement

a. **Counsel.** The parties agree that each signatory will be represented by counsel, and that each party shall be responsible for his or her own respective legal fees.

7. **Right to Assign.** The parties agree that the Purchaser, if an individual, shall have the right to assign this contract to a corporation or similar entity, provided that the corporation assumes, in writing, all of the terms and conditions of this agreement, however, nothing herein shall be construed as relieving the Purchaser from any liability hereunder.

8. **Sales Tax and Other Liabilities. NOT APPLICABLE.**

9. **Representations of Seller.** Seller represents and warrants to Purchaser as follows:

a. **Organization.** Seller are corporations duly organized, validly existing and in good standing under the laws of the State of New York and has the corporate power and authority to own its assets.

b. **Authorization.** Seller has full corporate power and authority to execute, deliver and perform all of the terms and provisions contained in this agreement and Seller has taken all corporate action necessary to authorize the execution, delivery and performance of this agreement.

c. **No Conflict.** The execution, delivery and performance of this agreement and the agreements contemplated herein does not and will not violate, result in any default or acceleration under or conflict with any terms of any law, charter, by-law, order, commitment, lease or contract to which Seller is a party or to which either is subject or by which Seller or their respective assets are bound; this agreement constitutes the legal, valid and binding obligation of Seller, enforceable in accordance with its terms.

d. **Title.** The schedule annexed hereto contains a complete and correct listing of the Assets. Seller has and, upon consummation of the transactions herein contemplated, will transfer to Purchaser good and marketable title to the assets described therein, free and clear of any mortgage, pledge, claim, lien, charge, security interest, restriction or other encumbrances, and good and marketable title to said Assets shall pass to Purchaser upon execution and delivery of the Bill of Sale in substantially the form attached hereto.

e. **Contracts and Commitments.** There are no contracts, agreements and understandings to which Seller is a party or affecting the assets other than pertaining to the Loan. Seller has not entered into any contract to sell or mortgage the Assets.

2

10.     **Representations of Purchaser.**  Purchaser warrants and represents that he has inspected and is fully familiar with the Assets and with the physical condition of the Assets sold hereunder and accepts the same as is.  In making and executing this Contract, the Purchaser has not relied upon or been induced by any statements or representations of any person with respect to title to, or the physical condition of the Assets, other than those, if any, set forth in this Contract.  The Purchaser has relied solely upon such investigations, examinations and inspections as the Purchaser has chosen to make or had made.  The Purchaser acknowledges that the Seller has afforded the Purchaser the opportunity to conduct a full and complete investigation, inspection and examination of the Assets and this Contract is not conditioned on any inspections of any kind other than as may be set forth in this Contract.  Buyer is not relying on any information other than his own due diligence in making this purchase.

11.     **Risk of Loss.**  The risk of loss or damage by fire, prior to the Closing shall be borne by the Seller.  In the event such loss or damage is substantial, then either party may, at its option, cancel this agreement.  In the event of cancellation, the down payment shall be returned to the Purchaser, and neither party shall have any further claim as against the other.

The provisions contained herein shall survive the Closing.

12.     **Professional Fees:**  Each party shall be responsible or the fees of professionals retained specifically by that party.  This provision includes fees of accountants, attorneys, brokers, appraisers, and other professionals relevant to the subject transaction.

13.     **Miscellaneous.**

a.     **Governing Law.**  This agreement shall be governed and construed and enforced in accordance with the law of the State of New York without giving effect to any law, which would result in the selection and application of the law of any other jurisdiction.

b.     **Arbitration Clause.**  Any claim or controversy arising out of or relating to this Agreement or the breach thereof shall be resolved by arbitration in Westchester County, New York.  Such arbitration shall be commenced and conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, before a panel of three (3) arbitrators of the American Arbitration Association.  The award of the arbitrators shall be final, conclusive and binding on all parties to this Agreement.  The arbitrators shall have the right to award costs and expenses of the arbitration, including reasonable attorney's fees, and judgement upon the award may be entered in any Court having jurisdiction thereof.

Nothing contained herein shall preclude any party from applying to any Court for any provisional remedy of relief (including, without limitation, an order of attachment or a preliminary injunction or temporary restraining order) permitted by law.  The parties agree that all such proceedings shall be brought in the Supreme Court of the State of New York, County of Rockland, unless otherwise required by law and hereby consent to the jurisdiction of such court over their person and property, and over the subject matter of any such application, for this purpose.

3

     c.     **Notices.**  Any notice or other communications permitted or required hereunder shall be in writing and shall be deemed to have been given, if placed in the United States mail, certified, return receipt requested, postage paid, or personally delivered, addressed as follows:

If to the Seller:                Gabriel J Letizia



With a copy to:              Gerry E. Feinberg, Esq.
11 Martine Avenue, 12th Floor
White Plains, NY  10606
Telephone:  (914) 946 4343
Facsimile:  (914) 682 9188
Email:  tenslaw@aol.com

If to the Purchaser:



With a copy to:              Howell Bramson, Esq.
Mc Carthy Finger LLP
11 Martine Avenue
White Plains, NY  10606
Telephone:  (914) 772 5281
Facsimile:  (914) 682 9188
Email:  hbramson@mccarthyfinger.com

d.    **Counterparts.** This agreement may be executed in any number of counterparts. It is necessary that all parties sign all or any one of the counterparts for this agreement to be effective.

e.    **Facsimile Signatures.** Shall be considered as originals.

f.    **Authority to Contract.** Each of the persons signing below represents and warrants that he or she is duly authorized to sign this agreement on behalf of the party for which he or she is signing.

g.    **Amendments.** This agreement may be amended, modified, superseded or canceled, any of the terms, covenants, representations, warranties or conditions here of may be waived, only by a written instrument executed by all the parties hereto or, in the case of a waiver, by the party waiving compliance.

h.    **Waiver.** Neither party may waive any of its rights or any obligation of the other party or any provision of this agreement except by an instrument in writing signed by that party.

i.    **Delay In Enforcing Rights.** The failure or delay of either party in enforcing any right or obligation or any provision of this agreement in any instance shall not constitute a waiver thereof in that or any other instance. Either party may only waive any such right, obligation or provision by an instrument in writing signed by it.

j.    **Remedies.** The rights and remedies provided in this agreement are cumulative and not exclusive of any rights or remedies provided by law or by any other agreement. The exercise by a party of any right or remedy will not preclude that party from exercising any other right or remedy. That party may pursue its rights and remedies in such order as it determines.

k.    **Entire Agreement.** This Agreement and such other agreements related to this transaction executed simultaneously herewith set forth the entire agreement and understanding of the parties with respect to the subject matter of the agreement and supersedes all prior understandings and agreements, whether written or oral, and all prior dealings of the parties with respect to the subject matter hereof.

l.    **No Other Representations.** No representation, warranty, promise, inducement or statement of intention has been made by any of the parties which is not embodied in this agreement and such other agreements related to this transaction executed simultaneously herewith, or other documents delivered pursuant to this agreement or in connection with the transactions contemplated hereby and none of the parties to this agreement shall be bound by or liable for any alleged representation, warranty, promise, inducement or statement of intention not so set forth. All representations and warranties given by the parties hereunder shall survive the Closing and the consummation of the transactions contemplated hereby except as otherwise stated herein.

m.      **Benefit.**  All the terms, covenants, representation, warranties and conditions of this Agreement shall be binding upon and inure to the benefit of the parties hereto administrators and personal representatives.

n.      **Survival.**  The representations and warranties made by the parties herein shall survive the Closing and the consummation of the transactions contemplated hereby.

o.      **Invalidity.**  If any provision of this agreement or the application of any such provision to any person or circumstance is held invalid, the remainder of this agreement, and the application of such provision other than to the extent it is held invalid, will not be invalidated or affected thereby, and shall remain in full force and effect.

p.      **Headings.**  The section headings contained herein are for reference purposes only and shall not in any way affect the meaning or interpretation of any provision of this agreement.

**IN WITNESS WHEREOF,** the parties hereto have duly executed this Agreement on the day and year first above written.

AMA RESEARCH LABORATORIES INC.
AND AMA LABORATORIES INC.

By_____ (Pres)
        Gabriel J Letizia, President

_____ Purchaser